**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Peter vonLehe Ruegner, | ) | Civil Action No. 2:20-cv-3549-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Sun Pet, Ltd. , | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 25) recommending the Court grant Defendant's partial motion to dismiss the Complaint. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses Plaintiff's claim under the South Carolina Unfair Trade Practices Act.

**I.    Background**

Plaintiff, Peter vonLehe Ruegner brings this action *pro se*. (Dkt. No. 1). Plaintiff filed an Amended Complaint on November 18, 2020 alleging breach of contract, breach of contract accompanied by a fraudulent act, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). (Dkt. No. 18 at 7-9). Plaintiff alleges that he entered an e-Contract with Defendant, Sun Pet, Ltd. a supplier of pet retailers and zoos nationwide. *(Id*. at 1). Plaintiff alleges he agreed to raise mice for Defendant and that for several months he built a breeder colony for Defendant. (*Id.* at 2-3). Plaintiff alleges Defendant purchased just under 20,000 rodents from Plaintiff over a nine-month period, paid the agreed to prices, and accepted the quantity shown in the invoices. (*Id.* at 3-4). Plaintiff alleges that on May 9, 2019, Scott Goodson called Plaintiff and demanded Plaintiff lower the price of rodents. (*Id.* at 4). In addition, Plaintiff alleges Mr. Goodson told

1

Plaintiff that Defendant did not need the rodents anymore, that Defendant found another breeder, and the cost of fuel and rodents was too high. (*Id.*). Plaintiff alleges Mr. Goodson stated the only way Defendant would continue to pick up Plaintiff's animals was if Plaintiff substantially lowered the price by May 12, 2019. (*Id.*). Plaintiff alleges Defendant breached the e-Contract on May 13, 2019 when Defendant failed to pick up the rodents. (*Id.* at 6). Plaintiff alleges that because of Defendant's breach, his rodent farming business was destroyed, and he was unable to resell the rodents because Defendant has restrictive contracts with the stores he approached to resell the rodents. (*Id.* at 6). Plaintiff alleges that Defendant lowered the price of the rodents at the last minute intentionally after the breeder population had reached a large size and Defendant withheld information that the price of fuel and rodents was too high. (*Id.* at 5). Further, Plaintiff alleges Defendant has a monopolization of the rodent market. (*Id.* at 7).

On December 2, 2020, Defendant filed a motion for partial dismissal seeking to dismiss Plaintiff's SCUTPA claim. (Dkt. No. 19). Plaintiff filed a response in opposition. (Dkt. No. 24). On March 10, 2021, the Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's SCUTPA claim. (Dkt. No. 25). Plaintiff has not filed objections to the R & R and the matter is ripe for the Court's adjudication.

## II.  Legal Standard

### A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district

2

court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

  **B.** ***Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

  **C.** **Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs.*

3

*Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.   Discussion

After a thorough review of the R & R and the parties' arguments, the Court finds the Magistrate Judge correctly determined that Plaintiff's claim under the SCUTPA should be dismissed. The SCUTPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. S.C. Code Ann. § 39-5-20. To successfully assert a claim under the SCUTPA, a plaintiff must plead the following: (1) defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected the public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive acts. *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 816 (2013).

A plaintiff bringing a private cause of action under the SCUTPA must allege and prove that the defendant's action adversely affected the public interest. *Noack Enterprises, Inc. v. Country Corner Interiors, Inc.*, 351 S.E.2d 347, 349-50 (S.C. Ct. App. 1986). Conduct that only affects the parties to the transaction and not the public interest provides no basis for an SCUTPA

4

claim. *Bessinger v. Food Lion, Inc.*, 305 F. Supp. 2d 574, 581 (D.S.C. 2003). The potential for repetition may be demonstrated: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts. *Wright v. Craft*, 640 S.E.2d 486, 502 (S.C. Ct. App. 2006).

Upon a review of the Amended Complaint, Plaintiff's factual allegations relate to the parties' contract and Defendant's alleged breach of contract. (Dkt. No. 18). In his response to Defendant's motion to dismiss, Plaintiff points to paragraphs 20, 21, and 22 of the Amended Complaint as alleging that Defendant engaged in anticompetitive behavior through its monopoly over the rodent market and that Defendant cut Plaintiff out of the alternative livestock market due to Defendant having restrictive covenants with pet retailers. (Dkt. Nos. 24 at 4-7; 18 at ¶P 20-22). Plaintiff contends that such anticompetitive behavior is the type of behavior the SCUTPA was intended to prohibit. (*Id.* at 7). Yet, the factual allegations in Plaintiff's Amended Complaint relate to the parties' agreement and Defendant's alleged breach of contract and Plaintiff fails to include factual allegations that Defendant's conduct adversely affected the public interest. Conduct that only affects parties to a transaction and not the public interest provides no basis for an SCUTPA claim. *Bessinger*, 305 F. Supp. 2d at 581. As such, Plaintiff's SCUTPA claim is dismissed.

**IV.   Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 25) as the order of the Court and **DISMISSES** Plaintiff's claim under the South Carolina Unfair Trade Practices Act.

5

**AND IT IS SO ORDERED.**

                                                                    _s/ Richard Mark Gergel_  
                                                                    Richard Mark Gergel  
                                                                    United States District Judge

March 30, 2021  
Charleston, South Carolina